Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Benjamin C. Price, IL Bar No. 6301926
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 North Central Ave., Suite 690
Telephone: (602) 661-0002
Fax: (602) 640-5071
Email: james.driscoll-maceachron@eeoc.gov
          benjamin.price@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>          Petitioner,<br><br>     vs.<br><br>Partners Personnel – Management Services, LLC,<br><br>          Respondent. | Case No.:<br><br>**MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED** |

      The Equal Employment Opportunity Commission applies for an order to show cause why an administrative subpoena should not be enforced. The EEOC is currently investigating a charge of disability discrimination filed against Respondent, Partners Personnel, under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101-17. In the course of its investigation, the EEOC issued a subpoena seeking documents relating to that investigation. Respondent has not responded to the subpoena

or produced the requested documents. Respondent's failure to produce those documents has delayed and hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an order to show cause why the subpoena should not be enforced.

## I.   FACTUAL BACKGROUND

Respondent's former employee, Oscar Perez, filed a charge of discrimination with the EEOC on November 26, 2018 alleging that Respondent, a staffing agency, discriminated against him because of his disability. *See* Exhibit A, Declaration of Elizabeth Cadle, District Director ("Dir. Decl.") ¶ 4.a & Attachment 1 thereto. The charge of discrimination complied with the procedural requirements for a valid charge of discrimination. *See id.* at ¶ 6. In the charge, Mr. Perez alleged as follows:

- In April 2015, Respondent placed him at a third-party employer. Attachment 1 to Dir. Decl.
- In April 2018, Mr. Perez informed his supervisor of his disability. *Id.* Because of his disability, Mr. Perez went home early on or about October 18, 2018. *Id.* Mr. Perez was told he needed to bring a doctor's note to return to work. *Id.*
- Mr. Perez provided a doctor's note and other medical documentation on or about October 29, 2018. *Id.*
- On or about November 8, 2018, Mr. Perez was terminated. *Id.*

The EEOC sent Respondent notice of the Charge, and Respondent provided its position statement in response on March 8, 2019. Dir. Decl. ¶ 4.b, 4.c. The EEOC then began to investigate whether the ADA had been violated. *See id.* at ¶ 4.d. As part of the EEOC's investigation of the charge, the EEOC requested that Respondent provide documents and information by October 9, 2019. *Id*. The categories of documents and information sought that are relevant to this subpoena enforcement action are summarized here:

1. Mr. Perez's personnel file;
2. Job descriptions for all jobs Respondent considered Mr. Perez for;

3. Communications between Respondent's employees about Mr. Perez;

4. Communications between Respondent's employees about Mr. Perez's job;

5. Communications between Respondent and the third-party joint employer about Mr. Perez;

6. Communications between Respondent and the third-party joint employer about Mr. Perez's job;

7. Communications with Mr. Perez;

8. Respondent's relevant policies and procedures;

9. ADA training provided to Respondent's employees since the beginning of Mr. Perez's employment with Respondent.

*See* Attachment 3 to Dir. Decl.

Respondent did not respond to the request for information. Dir. Decl. ¶ 4.e. The EEOC followed up by email on October 28, 2019. *Id*. The EEOC received no response and so emailed Respondent again on November 6, 2019, advising Respondent that the EEOC may subpoena the information if Respondent failed to respond. *Id*. On November 7, 2019, Respondent asked for an extension until November 15, 2019. *Id.* at ¶ 4.f. The EEOC granted that extension, but Respondent did not respond on November 15. *Id.* at ¶¶ 4.f, 4.g. The EEOC again followed up by email on November 19, 2019. *Id.* at ¶ 4.g. Respondent again did not respond. *Id*.

On January 2, 2020, the EEOC served a subpoena on Respondent. Dir. Decl. ¶ 4.h. The subpoena sought the following:

1.   Mr. Perez's complete personnel file, including but not limited to all documents that are or reflect:

   a.   Mr. Perez's application for employment and supporting materials;
   b.   The selection, hire, and onboarding of Mr. Perez;
   c.   Performance evaluations of Mr. Perez and all documents pertaining to Mr. Perez's job performance, whether formal or informal, positive, negative, or otherwise;

      d.      Discipline of Mr. Perez;
      e.      Mr. Perez's job duties and responsibilities;
      f.      Formal and informal departmental and desk files for Mr. Perez;
      g.      Notes kept by any manager(s) and or supervisor(s) regarding Mr. Perez;
      h.      Complaints made by Mr. Perez;
      i.      Complaints made about Mr. Perez;
      j.      Reason(s) for the termination of Mr. Perez's employment at Bell-Carter Foods;
      k.      Reason(s) for the termination of Mr. Perez's employment at Respondent;
      l.      Consideration of Mr. Perez for other positions after the termination of his employment at Bell-Carter Foods;
      m.      Leave or other time off that was approved or denied to Mr. Perez by Bell-Carter Foods and/or Partners Personnel.

2. All job descriptions, including all minimum qualifications, for all jobs Mr. Perez was considered for at Bell-Carter Foods;

3. Documents showing all communications between Partners Personnel employees about Mr. Perez;

4. Documents showing all communications between Partners Personnel employees about the position at Bell-Carter Foods for which Mr. Perez was hired;

5. Documents showing all communications between Partners Personnel and Bell-Carter Foods about Mr. Perez;

6. Documents showing all communications between Respondent and Bell-Carter Foods about the position held by Mr. Perez at Bell-Carter Foods;

7. Documents showing all communications with Mr. Perez;

8. Documents showing all of Respondent's policies and procedures regarding the ADA, ADA covered leave, reasonable accommodations, medical leave, leaves of absence, and Family Medical Leave, including paid and unpaid time off, since the beginning of Mr. Perez's employment with Respondent;

> 9. Documents showing all ADA training provided to employees since the beginning of Mr. Perez's employment with Respondent, including but not limited to all policies and/or handout(s) provided to all employees.

Attachment 7 to Dir. Decl.[1] The subpoena required Respondent to respond by January 13, 2020. *Id.*

Respondent did not respond to the subpoena. After waiting more than three months for a response, the EEOC advised Respondent in an April 27, 2020 letter that its five-business-day period to file a petition to modify or revoke the subpoena had passed and of the consequences of failure to comply with the subpoena, citing to the applicable statutes and regulations. Dir. Decl. ¶ 4.j, Attachment 9. After continuing to receive no response from Respondent, on August 7, 2020, the EEOC emailed an executive at what the EEOC believes to be a parent company of Respondent, who responded by phone and email the same day. *Id.* at ¶¶ 4.k, 4.l. On August 13, 2020, Respondent's counsel emailed that Respondent would respond to the subpoena the following day. *Id.* at ¶ 4.l. Respondent did not do so. *Id.* at ¶ 4.n. The EEOC followed up on August 19, 2020 and September 17, 2020, but, except for a September 17, 2020 email acknowledging receipt of the EEOC's emails, Respondent has not communicated with the EEOC since. *Id.* at ¶¶ 4.m-4.o.

On October 9, 2020, the Director of the EEOC's Phoenix District Office issued a new subpoena for the same information as the initial subpoena to ensure it was served properly.[2] Dir. Decl. ¶ 4.p. The new subpoena directed Respondent to produce the documents by October 20, 2020. *Id.* Respondent did not respond to that subpoena either. *Id.* at ¶ 4.t. The EEOC followed up with Respondent's counsel by email on November 24,

---

[1] The subpoena also included requests numbered 10 and 11, but the EEOC does not seek enforcement of those two requests. Because in the version of the subpoena sent by certified mail a signature line on the subpoena's attachment was blank, the EEOC also emailed Respondent a copy of the subpoena with a signature on that line the following day, January 3, 2020. Dir. Decl. ¶ 4.i.

[2] The EEOC sent the subpoena to Respondent by certified mail but was unable to locate the certified mail receipt for the subpoena and so reissued the subpoena in October 2020. Dir. Decl. ¶ 4.q.

2020 but received no response. *Id.* The EEOC has not received any communication from Respondent since September 17, 2020. *Id.* at ¶ 4.o. To date, Respondent has not complied with the subpoena or filed a petition to revoke or modify the subpoena.

## II. ARGUMENT

EEOC regulations and longstanding case law require respondents to file a petition to revoke or modify a subpoena within five days in order to challenge the subpoena. Here, Respondent did not respond or file a petition to revoke or modify. Even if it had, Respondent cannot have any valid defense for failing to comply with the EEOC's subpoena.

### A. Respondent failed to exhaust its administrative remedies.

Pursuant to 29 U.S.C. § 161[3] and 29 C.F.R. § 1601.16(b)(1), a recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "Failure to make any effort to comply with this administrative appeal procedure precludes a party from challenging the subpoena, except on constitutional grounds." *EEOC v. Ayala AG Servs.,* Case No. 1:13-MC-00032, 2013 WL 5670901, at *4 (E.D. Cal. Oct. 15, 2013); *see also EEOC v. Cty. of San Benito,* 818 F. Supp. 289, 290 (N.D. Cal. 1993) ("[A]ny petition to revoke or modify the subpoena must be filed within five days of service").

Respondent did not petition the EEOC to revoke or modify the subpoena within five days. Dir. Decl. ¶ 8. In fact, Respondent has never submitted a petition to revoke or modify—or provided any other response to the subpoena. Consequently, Respondent waived any objection to enforcement of this subpoena. *See Ayala AG Servs.,* 2013 WL 5670901, at *4.

//

//

---

[3] This section is incorporated into Title VII by 42 U.S.C. § 2000e-9, which, in turn, is incorporated into the ADA by Section 107(a), 42 U.S.C. § 12117(a).

**B.     Respondent also has no valid defense for failing to comply with the subpoena.**

Even if Respondent were allowed to raise an objection, Respondent has no valid defense for failing to comply with the EEOC's subpoena. EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *U.S. v. Exxon Mobil Corp.,* 943 F.3d 1283, 1287 (9th Cir. 2019); *EEOC v. Fed. Exp. Corp.,* 558 F.3d 842, 848 (9th Cir. 2009); *EEOC v. Karuk Tribe Hous. Auth.,* 260 F.3d 1071, 1078 (9th Cir. 2001). The district court's role in an EEOC subpoena enforcement action "is a straightforward one" and is not "an opportunity to test the strength of the underlying complaint." *McLane Co. v. EEOC,* __ U.S. __, 137 S. Ct. 1159 (2017), as revised (Apr. 3, 2017).

To successfully petition a court to enforce an administrative subpoena, the EEOC needs only to show "the charge is proper and the material requested is relevant." *McLane Co.*, 137 S. Ct. at 1165. In the Ninth Circuit, the "critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Fed. Exp. Corp.,* 558 F.3d, at 848. Once this showing has been made, a court will enforce the subpoena unless Respondent can prove that the subpoena is overbroad or unduly burdensome. *EEOC v. McLane Co. Inc.*, CV-12-02469-PHX-GMS, 2018 WL 1961162, at *1 (D. Ariz. Apr. 26, 2018). As discussed below, the Commission can easily show the necessary elements and the subpoena will not impose an undue burden on Respondent.

**1. The subpoena is within the agency's authority to investigate.**

Congress has authorized the EEOC to investigate charges of discrimination that allege the ADA has been violated. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(b)). Congress gave the EEOC broad powers of access to records of entities against whom charges have been filed, including the authority to subpoena evidence in an investigation. 42 U.S.C. §§ 2000e-8(a), 2000e-9 (incorporated by 42 U.S.C. § 12117(a)).

The EEOC is investigating Mr. Perez's allegations that Respondent engaged in disability discrimination in violation of the ADA. Thus, the first element is satisfied.

### 2. All procedural prerequisites have been followed.

Both the charge and the subpoena here complied with all procedural prerequisites. A valid charge generally states the full name and contact information of the charging party, the full name and contact information of the respondent, a statement of the facts constituting the alleged unlawful practice, the approximate number of employees if known, and whether the proceedings have been commenced before a state or local agency. 29 C.F.R. § 1601.12. Mr. Perez's charge met these procedural requirements. *See* Dir. Decl. ¶ 5.

The EEOC's subpoena similarly met all procedural requirements. The requirements for a valid subpoena are set out at 29 C.F.R. § 1601.16(a), which provides:

> Any District Director . . . may sign and issue a subpoena on behalf of the Commission. The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

The subpoena in this action satisfies these conditions. Dir. Decl. ¶ 6.

### 3. The information sought is relevant to the investigation.

Finally, the information the EEOC seeks is relevant to the disability discrimination under investigation. The concept of relevancy during an EEOC investigation is broad. *McLane Co.,* 137 S. Ct., at 1165; *Exxon Mobil Corp.,* 943 F.3d at 1287. Courts have construed "relevant" "to permit the EEOC 'access to virtually any material that might cast light on the allegations against the employer.'" *McLane Co., Inc.,* 137 S.Ct. at 1169 (*quoting EEOC v. Shell Oil Co.,* 466 U.S. 54, 68-69 (1984)). And the ADA broadly grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is

relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a) (incorporated by 42 U.S.C. § 12117(a)).

The information sought here is relevant. Mr. Perez alleges that Respondent and the third party joint employer knew of his disability and terminated him rather than allow him to return to work after he had to leave early one day because of his disability. The documents the EEOC seeks are relevant to investigating the merits of Mr. Perez's allegations. Request #1, for Mr. Perez's personnel file, will provide evidence of Mr. Perez's ability to perform the essential functions of his job and about his termination. Requests #2, #4, and #6 seek job descriptions and communications about the jobs for which Mr. Perez was considered. Requests #3 and #5 seek communications about Mr. Perez to obtain evidence about Respondent's knowledge and decision-making relating to Mr. Perez's disability, his ability to perform his job, and his termination. Request #7, for communications with Mr. Perez, will also provide evidence about his performance of his job duties, any reasons Respondent offered for terminating him, as well as any communications relating to Mr. Perez's disability and/or his need for an accommodation. Requests #8 and #9 seek information about Respondent's ADA policy and other policies and information about the degree to which employees were informed of Respondent's ADA policies to determine what policies and practices Respondent had to ensure it complied with the ADA. The documents the EEOC seeks in Requests 1-9 are thus all relevant to the investigation of Mr. Perez's charge.

### C. Compliance with the subpoena will not impose an undue burden on Respondent.

Respondent would not be able to prevail on an undue burden defense even if it were permitted to do so. The burden of an administrative subpoena is measured "in the light of the company's normal operating costs," and a subpoena is not unduly burdensome unless it "threatens to unduly disrupt or seriously hinder normal operations of a business." *Aaron Bros. Inc.,* 620 F. Supp. 2d 1102, 1106 (C.D. Cal. 2009); *see also EEOC v. Kaiser Found. Hosps.,* Case No. 219MC00175JAKFFM, 2019 WL 7494905, at

*9 (C.D. Cal. Dec. 11, 2019). On its website, Respondent advertises itself as a nationwide staffing company with more than 10,000 employees. Exhibit B. There is thus no reason to believe that collecting and providing the documents described in Requests 1-9 will be significant compared to Respondent's normal operating costs—or that doing so would threaten the normal operations of Respondent's business. Compliance with the subpoena thus will not impose an undue burden on Respondent.

### III.  CONCLUSION

The Court should enter an order to show cause why this Court should not enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. The Commission therefore requests that the Court issue the accompanying proposed Order to Show Cause, and, after giving Respondent an opportunity to be heard, enforce Requests 1 through 9 of the subpoena.

DATED: March 18, 2021          RESPECTFULLY SUBMITTED,

MARY JO O'NEILL
Regional Attorney

/s/ *Benjamin Price*
BENJAMIN C. PRICE
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, 6th Floor
Phoenix, AZ 85012

Attorneys for Petitioner